O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CONNIE MOORE, ET.AL.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-1416 |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. # 29). To date, Plaintiff's have not responded to the motion. After reviewing the motion and the relevant case law, the Court is of the opinion that the motion should be **GRANTED**.

### Factual Background

This lawsuit arises from alleged medical malpractice suffered by Plaintiffs' father, Mr. Cleo Thornhill ("Thornhill"), during hospitalization for heart surgery in 1974. Thornhill was allegedly transfused with infected blood prior to the ability to detect the hepatitis C virus. Thornhill passed away on January 20, 2001, from liver failure caused by his hepatitis C and congestive heart failure. Plaintiffs filed their claims with the Department of Veterans' Affairs on February 8, 2002. Plaintiffs then filed this lawsuit on October 7, 2002 in the Western District of Louisiana alleging wrongful death as a result of negligence at the time of the transfusion. On December 10, 2002, the United States moved to transfer venue to the Southern District of Texas, Houston Division. The motion was granted and the case was transferred to this Court.

**Discussion**

Defendant's Motion for Summary Judgment alleges that Plaintiffs have failed to establish a prima facie case for their medical malpractice claim against the government. Defendant alleges that Plaintiffs have failed to designate an expert witness to testify as to the standard of care in 1974 and that this factor alone warrants summary judgment. Further, Defendant contends that the standard of care used to treat Cleo Thornhill was within the normal standard of care for the time period and, as a result, Defendant contends it is entitled to judgment as a matter of law.

The United States is liable for its torts if a private person would be liable for the same act or omission under local laws. 28 U.S.C. § 1346(b). Under the FTCA, liability for medical malpractice is controlled by state law. *Ayers v. United States*, 750 F.2d 449, 452 n. 1 (5th Cir.1985); *see also Urbach v. United States*, 869 F.2d 829, 831 (5th Cir.1989). The Court will, therefore, apply Texas law in this case.

A plaintiff in a Texas medical malpractice action must prove four elements to establish liability: "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) actual injury to [the] plaintiff, and (4) ... [proof that] the breach [was] a proximate cause of the injury." *Urbach*, 869 F.2d at 831. A physician has a duty to render care to a patient with the degree of ordinary prudence and skill exercised by physicians of similar training and experience in the same or similar community under the same or similar circumstances. *Hollis v. U.S.*, 323 F.3d 330, 336 (5th Cir. 2003) citing *Speer v. United States*, 512 F.Supp. 670, 675 (N.D.Tex.1981), *aff'd* on basis of district court's opinion, 675 F.2d 100 (5th Cir.1982). Texas tort law "places the burden of proof on the plaintiff to establish by expert testimony that the act or omission of the defendant physician fell below the appropriate standard of care and was negligent." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1020 (5th Cir.1993). When state law requires a plaintiff to prove

negligence by expert testimony, summary judgment can be granted where the defendant presents expert affidavits and the plaintiff presents no such affidavits. *See Rodriguez*, 980 F.2d at 1020 (citing *Jones v. Wike*, 654 F.2d 1129, 1130 (5th Cir.1981); *Reinke v. O'Connell*, 790 F.2d 850 (11th Cir.1986)); *see also* TEX.R.CIV.P. 166a(c) ("A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.").

Defendant's motion for summary judgment argues that the standard of care provided to Thornhill during and after his surgery in 1974 was consistent with the standard of care practice in the medical community at that time. According to the expert report of Dr. Shahriar Tavakoli-Tabasi,[1] retained by Defendant and designated as an expert in this case without objection from the Plaintiffs,

> [P]rior to 1992 screening blood for hepatitis C was not the standard of practice, neither such screening could have been possible since no serologic tests were available to do so. In 1974, when Mr. Thornhill received [the] blood transfusion, it would have not been possible to screen donor blood for hepatitis C simply because such a technique was not available. Unfortunately, many individuals were exposed to infected blood prior to 1992 when for the first time screening blood products for hepatitis C became possible and became standard of the medical practice. Therefore, based on what was known to medical community, and the availability of laboratory tests, at the time of the transfusion, I believe the care given to this patient, with regards to blood transfusion, is well within the standards of care at the time.

As Defendant correctly points out in its motion for summary judgment, Plaintiffs have failed to designate any testifying experts in this case. According to the scheduling order entered on

---

[1] Dr. Tavakoli-Tabasi's curriculum vitae establishes that he is an assistant professor of medicine at Baylor College of Medicine, board certified in internal medicine and infectious diseases, and that he is the lead clinician and the director of the hepatitis C program at the Houston VA Medical Center since 2000.

May 18, 2004, the deadline for designating such an expert was December 2, 2004. Furthermore, Plaintiffs have provided no response to the motion for summary judgment to rebut the Defendant's claim that there was no breach in the standard of care provided to Mr. Thornhill. As such, the expert testimony of Dr. Tavakoli-Tabasi is uncontroverted. Without testimony from an expert establishing that the standard of care was some how violated with regard to the treatment Thornhill received, Plaintiffs have failed to meet their burden of establishing a prima facie case for medical malpractice under the Federal Tort Claims Act.

## Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment (Dkt, # 29) is hereby GRANTED. A final judgment will be entered on even date herewith.

It is SO ORDERED.

Signed this 3rd day of June, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE